UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,

       Plaintiff,

                                        Case Number 12-15453
v.                                        Honorable David M. Lawson

JOSEPH MENSER and C.M.,

       Defendants.
_____/

## AMENDED ORDER TO SHOW CAUSE

It has come to the Court's attention that C.M., a minor defendant, was identified by name in the Court's previous order to show cause. That order, therefore has been stricken from the docket in this case, and the Court will enter this order, amended to remove the name of the minor defendant.

On June 29, 2012, the plaintiff, Allied Property and Casualty Insurance Company (Allied), brought the present action in this Court seeking a determination whether it is obligated to defend or indemnify Joseph Menser in a lawsuit brought by C.M., defendants in this case, under a personal automobile insurance policy issued to Joseph Menser and his wife. The complaint states that C.M. filed an action against Menser in the Wayne County, Michigan circuit court to recover damages for injuries she allegedly suffered as a result of being struck by a motor vehicle driven by Menser.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention, see *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*,

373 F.3d 807, 812 (6th Cir. 2004). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem." *Bituminous Cas. Corp.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)).

The Sixth Circuit has "repeatedly held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" *Bituminous Cas.*, 373 F.3d at 812-13 (quoting *Manley*, 791 F.2d at 463); *see also AM South Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004) (citing 10B Wright, Miller & Mary Kay Kane § 2765 at 638 (3d ed. 1998) ("[I]t is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of non-liability.")). However, "[t]hat is not to say that there is a per se rule against exercising jurisdiction in actions involving insurance coverage questions." *Bituminous Cas.*, 373 F.3d at 812-

-2-

13. Instead, several factors have been articulated by the Sixth Circuit to be considered by a district court faced with a complaint seeking relief under the declaratory judgment act:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata."
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. RR. Co. v. Consol Rail Co.,* 746 F.2d 323, 326 (6th Cir. 1984); *see also Bituminous Cas.*, 373 F.3d at 814-15; *Roumph*, 211 F.3d at 968.

These factors are not addressed in the plaintiff's complaint. The plaintiff, therefore, will be directed to show cause in writing why this Court should not abstain from hearing the matter under the Declaratory Judgment Act and instead dismiss the case.

Accordingly, it is **ORDERED** that the plaintiff show cause in writing, **on or before February 18, 2013**, why this case should not be dismissed without prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 22, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---