UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Plaintiff,

                                                      Case Number 12-15453
v.                                                            Honorable David M. Lawson

JOSEPH MENSER and C.M.,

        Defendants.
_____/

## ORDER OF DISMISSAL

The plaintiff, Allied Property and Casualty Insurance Company, filed an action in this Court seeking a declaratory judgment on the question whether it must defend and indemnify Joseph Mesner, its insured, in a lawsuit presently pending in the Wayne County, Michigan circuit court. The minor plaintiff in that lawsuit, defendant C.M. here, alleges that Joseph Mesner injured C.M. while Joseph was driving a truck belonging to his brother, Charles Mesner. It appears that the question of insurance coverage turns on whether Joseph had permission to drive Charles's truck.

This Court has discretion whether to exercise jurisdiction in declaratory judgment actions, and because all the pertinent factors relating to the exercise of that discretion were not addressed in the plaintiff's complaint, the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice. Allied Property responded to the show cause order, asserting that it established diversity jurisdiction under 28 U.S.C. § 1332(a). Allied also contends that the instant lawsuit involves issues of policy coverage and exclusion that are not connected to the subject matter in the underlying case and that this case involves an independent dispute between Allied and its insured, Joseph Mesner. Allied argued that the declaratory remedy was not being used for

procedural fencing, retaining jurisdiction would not improperly encroach on state court jurisdiction or increase friction between the state and federal courts, and there is no more effective alternative remedy.

The Court does not agree. In resolving this declaratory judgment action, the Court would be required to delve into factual issues pending in the state court action. The state court complaint alleges that Joseph Mesner, who was driving a vehicle belonging to Charles Mesner, struck and seriously injured C.M. The state court complaint also alleges that Charles Mesner is liable for C.M.'s injuries because Joseph Mesner was driving Charles's vehicle with Charles Mesner's express or implied consent or knowledge. Joseph apparently would be covered for liability under his own auto insurance policy if he had permission to use his brother's truck. The Court believes it is likely that the coverage question cannot be resolved fully without discovery of the underlying events and a determination whether Joseph had a reasonable belief that he was entitled to use the vehicle in question, which would be the same fact dispute that must be resolved in state court to determine Charles Mesner's liability. The possibility of inconsistent results is obvious. The better exercise of discretion calls for declining jurisdiction.

I.

As an initial matter, Allied argues that even if this Court were inclined to decline jurisdiction under the Declaratory Judgment Act, the Court should retain jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the jurisdictional threshold. The plaintiff misunderstands the functioning of the Declaratory Judgment Act. As the Supreme Court long has held, the Declaratory Judgment Act is not an independent grant of jurisdiction, but simply "enlarge[s] the range of remedies available in the federal courts." *Skelly Oil Co. v. Phillips*

*Petroleum Co.*, 339 U>S. 667, 671 (1950). Therefore, any declaratory judgment action filed in this Court must meet "the requirements of jurisdiction." *Id*. at 672. Although diversity jurisdiction is established, the Court is obliged to evaluate the propriety of exercising that jurisdiction to grant declaratory relief under the Act. *Grand Trunk W. R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

II.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention. "'By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants'." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage that could impact litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, see *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem."

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)). The Court has discretion to decline jurisdiction over a declaratory judgment action even where the parties are diverse and the amount in controversy meets the threshold. *Omaha Property and Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991) ("We have repeatedly held in these insurance coverage diversity cases that the Declaratory Judgment Act grants the district courts a discretion to entertain such cases . . . .").

To assist district courts in determining whether to proceed with such actions, the Sixth Circuit in *Bituminous Casualty Corporation* repeated five factors that it drew from its earlier precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813 (quoting *Scottsdale Ins. Co.*, 211 F.3d at 968 (citations omitted)). Unless these factors weigh in favor of entertaining the action, the federal court should abstain. *Ibid.*

### A. Settle the controversy

Sixth Circuit precedent on this factor is somewhat inconsistent. *Compare Travelers Indem. Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("The district court's decision could not settle the controversy in the underlying state court litigation; thus, the first factor favors the court not exercising jurisdiction.") *with Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) ("Considering the first and second factors, while the declaratory

judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds."). Later, however, the Sixth Circuit reconciled those cases, reasoning that "the contrary results . . . might . . . be explained by their different factual scenarios." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). This factor may favor exercising jurisdiction when the plaintiff is not a party to the state litigation or there is a legal, and not a factual, dispute in federal court. *Id*. at 556.

The Court believes that this factor favors abstention here. A decision on the coverage question in this Court will not resolve the underlying dispute between the parties. Further, there is no guarantee that a decision from this Court will fully resolve the coverage issue. The likelihood is that a coverage decision would be contingent on the outcome of the state court case. A determination in this lawsuit will not necessarily result in a conclusive pronouncement on whether Allied must defendant Joseph Mesner in the state court litigation. The first *Bituminous* factor favors abstention.

### B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Ibid*.; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal relationship between the insurer and the insured pursuant to the insurance contracts, the judgment

would not clarify the legal relationship between the parties in the underlying state action." (alterations and quotations omitted)); *Bituminous Cas.*, 373 F.3d at 814.

Charles Mesner, a defendant in the state court case, is not a defendant in this case. Conventional principles of merger and bar would suggest that a person who is not a party to litigation cannot be bound by the judgment in that case. *See, e.g., Bankers Trust Co. v. Old Republic Ins. Co.*, 697 F. Supp. 1483, 1488 (N.D. Ill. 1988). However, under Michigan's rather unusual rules of collateral estoppel, an injured person who has knowledge of a declaratory judgment action against his tortfeasor but does not intervene nonetheless is bound by the judgment. *See Wilcox v. Sealey*, 132 Mich. App. 38, 346 N.W.2d 889 (1984). Allowing the question of permissive use to be litigated and resolved — likely conclusively — in this case simply wags the dog. If Joseph had permission to use the truck, Charles could be liable for Joseph's negligent driving. Charles presumably would have something to say about that, but because he is not a party, the decision on this critical fact could be made without his input, and he would nonetheless have to live with it. The natural order of things calls for the liability facts to be decided in the injured person's forum of choice, and the indemnity obligations then follow forum. Deciding the permissive use question in the coverage litigation would only serve to muddy the legal relationships of the parties.

### C. Procedural fencing

The courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files his declaratory judgment claim after the state proceeding has begun does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. There is no evidence that the plaintiff has acted improperly by choosing the present forum. The most that can be said is that the plaintiff preferred a federal

court to a state court, where this action also could have been filed, and where the tort action had been pending for more than a year when this lawsuit was commenced. There is nothing improper about that. This factor does not favor abstention.

### D. Friction between federal and state courts

The fourth factor asks whether exercising jurisdiction would increase friction between federal and state courts. The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton,* 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green,* 825 F.2d at 1067. Therefore, "'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)). The Sixth Circuit articulated three sub-factors to consider when determining whether the exercise of jurisdiction would increase friction between federal and state courts. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale,* 211 F.3d at 968). First, if the action involves resolution of factual issues being considered by the state court, federal jurisdiction is disfavored. *Flowers*, 513 F.3d at 560. The second sub-factor favors abstention when issues of unsettled state law are implicated. *See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561. As the *Flowers* court explained:

> The liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory judgment action. However, sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court.

*Flowers*, 513 F.3d at 560. (internal citation and quotation marks omitted). When the latter is the case, the exercise of jurisdiction would be inappropriate. Such is the case here.

A declaratory judgment by this Court likely would determine an issue that the state court could decide differently in the underlying tort litigation. The complaint in the state tort case states claims against both Joseph Menser and Charles Menser. Both the state court claim against Charles Menser and the plaintiff's claim in this case turn, at least in part, on whether Joseph Menser had Charles Menser's consent to drive Charles Menser's truck. If the Court were to exercise jurisdiction over this action, there would be a serious risk that the factual findings made by this Court on that issue might conflict with those made by the state court. Therefore, the fourth *Grand Trunk* factor favors abstention.

### E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). Here, the plaintiff "could have presented its case to the same court that will decide the underlying tort action." *Bituminous,* 373 F.3d at 816. Even though the plaintiff could not be joined as a party in the tort case, see Mich. Comp. Laws § 500.3030, it could have commenced an action identical to the present

one in state court and moved for consolidation before the same judge presiding over the tort case.

III.

The Court believes that the *Grand Trunk* factors favor abstention. Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is constrained to dismiss the present action without prejudice.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED without prejudice**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 28, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL